*Purcell v. Village of Riverside.

Ordinance Authorizing Condemnation of Land is Valid, When.

An ordinance by a village council, authorizing the condemnation of land, for the purpose of having the county commissioners build an avenue thereon, under a special law granting authority to them to do so, is valid, though not read on three different days, the rule requiring this to be done having been properly suspended. Such ordinance is not in contravention of section 6, article 8, or of section 1, article 13 of the constitution.

Smith, J.

The ruling made at the trial of this case, as to the admission of evidence, left but two questions to be now disposed of, viz: First, whether the ordinance under which the action in question is sought to be had, was legally passed, and second, if so, whether it is invalid, as being in contravention of the provisions of the constitution, as contained in sec. 6, art. 8, or in sec. 1, art. 13.

It is objected by the counsel for the plaintiff that the ordinance, which authorized the solicitor of the village to apply to the court for the condemnation of the right-of-way for the avenue in question, was not legally passed, for the reason that it was not read on three different days, or that the rule, which requires this, was not dispensed with, as provided for in sec, 1694, R. S.

The record offered in evidence shows that the ordinance was introduced and read the first time, and by vote referred to the clerk of the village, for his certificate as to whether there was sufficient money in the treasury to pay the condemnation money—and such certificate having been furnished, showing that there was, that it was accepted and approved by the council ; and by a unanimous vote of the five members of council present (one member being absent), and taken by yeas and nays, the rule was suspended, and the ordinance then read the second and third time, and passed by the same vote.

---

*Upon the question of failure to give bond upon change of cause from district to circuit court involved in this case but published in a separate opinion, 13 B. 385, and not found in circuit court report. See *post* 648.

This, we think, was clearly a substantial compliance with the terms of the statute. It was the rule which required the ordinance to be read on three different days which the council suspended, and when that was done, it was properly before the council for final action, and was legally passed.

It is further urged, however, by the counsel for the plaintiff, that the scheme, of which the ordinance and the action therein provided for, are but the first steps, is one in contravention of the sections of the constitution before mentioned.— That it is, in effect an attempt on the part of the defendant to enter into, and carry out, with the funds of the village, an arrangement or plan, by which the village of Riverside and the county of Hamilton, are jointly to lay out, establish and construct an avenue within said village—the village to condemn and pay for the right-of-way so far as it had to be done, and the county to build the road thereon, under the law of April 7, 1880, and that this is contrary to sec. 6, art. 8, of the constitution, which provides that, "The General Assembly shall never authorize any county, city, town or township, by vote of its citizens or otherwise, to become a stockholder in any joint stock company, corporation or association whatever, or to raise money for, or loan its credit to, or in aid of any such company, corporation or association."

Counsel for defendant, while they deny that this claim is well founded, insist that the question is not properly before the court—that it is not made by the pleadings, and that the proper parties to a determination of it are not before the court.

It may be that the question is not very distinctly made by the pleadings, yet we are of the opinion that if it should appear from the evidence to be so, and that if carried out would be in violation of this or any constitutional provision, the court might well require it to stop.

We think that an inspection of the ordinance shows that it does contemplate the construction of this avenue, substantially as claimed by plaintiff. It recites the statute of April 17, 1880, authorizing and directing the commissioners of Hamilton county to levy a tax to be expended in opening, grading and constructing this avenue, no part of the amount to be expended in procuring the right-of-way, or in payment of damages in the construction of the same. And the ordinance states in terms, that the object of the statute was to aid the village in its construction—it plainly appears then, that the condemnation proceedings set on foot by the ordinance, are to procure the right-of-way for this avenue, which is to be constructed by the county.

But conceding this to be true, does it follow that if carried out it would be in conflict with this section?

The Supreme Court in several cases has given a construction to this section. In Walker v. Cincinnati, 21 O. S., 54, Scott, J., in deciding the case says: "The mischief which this section interdicts, is a business-partnership between a municipality or subdivision of the state, and individuals or private corporations or associations—it forbids the union of public and private capital or credit in any enterprise whatever—in no project originated by individuals, whether associated or otherwise *with a view to gain* are the municipal bodies named, permitted to participate in such manner as to incur pecuniary expense or liability."

And in Wyscarver v. Atkinson, 37 O. S., 80, it is held, "this section inhibits the combination in any form of the public funds, or credit of any county, city, town or township, with the capital of any other person or persons, corporated or incorporated, for the purpose of promoting anp *private* enterprise whatever."

And in Taylor v. Ross Co., 23 O. S., 22, the court *held :* "That what the general assembly is prohibited by this section from doing directly, it has no power to do indirectly—and that when public credit or money is furnished by any of the subdivisions of the state named, to be used in part construction of a work, which, under the statute authorizing the construction, must be completed, if completed at all, by other parties out of their own means, who are to own, or have the *bene*

*ficial control and management* of the work when completed, the public money or credit thus used can only be regarded as furnished for and in aid of such parties."

In the light of these adjudications, does this case come within the provisions of this section? We think it does not.

The object sought to be accomplished, both by the statute and the ordinance in question, is not a *private* one—it is eminently of a public nature, to-wit, the construction of a public highway, open and free to all; and which cannot be held or operated for private gain.

It is true that when completed it will, by force of another general statute, be under the control of the village—but so far as the county or the public is concerned, this is a matter of no moment. In such case it is simply under the control of a different public corporation—a part of the machinery of the state for the construction, repair and maintenance of the public highways. It seems to be clear, from the decisions referred to, that the contribution of funds by such a municipality is forbidden only when the purpose is a private one,—and we see no reason why a county and village, or township, might not unite in making a public improvement free to the citizens of each, if the object is one within the scope of their powers. Ever since the adoption of the constitution of 1851, we have had a statute which gave to county commissioners, in laying out county roads, the right to require the petitioners for it to pay for the right-of-way and damages — and if this can be done when the commissioners retain the control of the road, we are unable to see that the fact that it is constructed by another public corporation, and for the public interest, would change the principle.

If the donation by the village, or by the county, was for a private enterprise, and to be used for gain, of course it would be different and it would thus be brought directly within the terms of this section.

Neither do we think it contrary to the provisions of section 1, article 13.

Even if the county was a corporation in the meaning of this section, we are unable to see any grant of corporate authority to it by this statute.

The judgment will be that the injunction heretofore granted be vacated, and the petition dismissed with costs.

SWING, J., concurred; Cox J. did not sit in this case.

Judge D. Thew Wright and Paxton & Warrington, attorneys for plaintiff Wm. Disney and Lawrence Maxwell, for defendant.